An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
JOSEPH ANTJAUN HENDERSON,
Respondent.

No. 62596

**FILED**

APR 2 8 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court order suppressing evidence as a result of what the district court determined was an unlawful search. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Respondent Joseph Henderson rolled his car. At the accident scene, a narcotics detection canine alerted to the presence of drugs in the vehicle and in luggage found outside the vehicle along the roadway (the outside luggage). Trooper Greg Monroe eventually had Henderson's vehicle towed from the highway median to a garage. He put the outside luggage in the car, alongside luggage that was already inside the car (the inside luggage), before the car was towed.

Monroe then executed an affidavit in support of an application for a warrant authorizing him to search the vehicle and "all . . . containers . . . therein." The affidavit did not mention that Monroe put the outside luggage in the car before having it towed. In the course of his subsequent search, Monroe found 11 pounds of marijuana and other related contraband.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-13571

At a suppression hearing for that evidence, Monroe testified that he could not identify which pieces of luggage were outside the vehicle at the crash scene. Thus, he could not specify what evidence was found within the outside luggage as distinguished from the inside luggage.[1] Based on this testimony, as well as the failure of Monroe's affidavit and the warrant to describe the origins of the outside luggage, the district court suppressed all evidence derived from the search. We review de novo, *Somee v. State*, 124 Nev. 434, 441, 187 P.3d 152, 157-58 (2008), and reverse.

Absent an exception, an officer must obtain a warrant that particularly describes items to be searched or seized prior to executing a search or seizure.[2] *Weber v. State*, 121 Nev. 554, 583, 119 P.3d 107, 126-27 (2005). Monroe had no warrant to seize the items in question. But inasmuch as his movement of the outside luggage from the highway median was based on the threat of destruction of evidence, it was constitutionally justified. *See State v. Lloyd*, 129 Nev. ___, ___, 312 P.3d 467, 470 (2013).

After this seizure Monroe obtained a warrant. Concerns over the affidavit and warrant's failure to discuss the geneses of the outside luggage are beside the point: the warrant authorized Monroe to search the vehicle and "all . . . containers . . . therein," and when the warrant issued

---

[1]Monroe also testified, contradictorily, that most of the evidence he discovered was not from the outside luggage. This is not pertinent to our analysis.

[2]Searches and seizures must also be supported by probable cause. *Weber*, 121 Nev. at 583, 119 P.3d at 126-27. Henderson does not dispute on appeal that Monroe had probable cause for the search.

the pieces of outside luggage were containers within the vehicle. So the warrant identified, particularly, that luggage for search. *See Coolidge v. New Hampshire*, 403 U.S. 443, 471 (1971). Because Monroe's search of the outside luggage was covered by a valid warrant, it too was constitutionally reasonable. Henderson's suggestion that the outside luggage may not have been his but just happened to be found at the scene does not implicate his Fourth Amendment rights or change the analysis above.

We therefore ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Parraguirre

cc:  Hon. Nancy L. Porter, District Judge
     Attorney General/Carson City
     Elko County District Attorney
     Elko County Public Defender
     Elko County Clerk

SAITTA, J., dissenting:

This matter presents an unusual situation in that it involves a vehicle accident where a narcotics detection canine alerted on luggage inside the vehicle involved in the accident and on luggage strewn about the highway. While on the scene of the accident, but before an application for a warrant had been executed, Trooper Monroe gathered luggage from the highway and put it into the vehicle. The warrant, obtained after the seizure, authorized a search of the vehicle's contents, but it was based on an affidavit by Monroe that did not mention that some of the luggage was picked up from the highway and placed into the vehicle.

I agree, as the majority acknowledges, that the warrant authorized Monroe to search the vehicle and all the containers therein and that, when the warrant issued, all of the luggage, including the luggage that was taken from the highway, were containers in the vehicle. However, at the suppression hearing, Monroe candidly acknowledged (a) that he could not identify which pieces of luggage were outside the vehicle at the scene and (b) that the warrant application failed to point out that some of the luggage was placed into the vehicle upon seizure. Thus, although the warrant authorized Monroe to perform the search, I disagree with the majority's characterization of the warrant as "valid."

The warrant was issued on Monroe's affidavit, wherein he did not mention the material facts about which pieces of luggage were taken from the highway median and placed in the vehicle, despite his knowledge of those facts. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (providing that a warrant may be invalidated where the affiant omitted a material fact deliberately or with reckless disregard for the truth and the fact was essential to a probable-cause determination); *Rivera v. United States*, 928

F.2d 592, 604 (2d Cir. 1991) (providing that recklessness can be "inferred" where the omission was obviously critical to a probable-cause determination). Thus, the information that Monroe gave to gain a warrant to search the vehicle was inappropriately used to search luggage that may not have originated in the vehicle but was placed in the vehicle by him. Accordingly, I would affirm the district court's suppression of evidence.

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A